1  RICHARD B. WOLF, SB#046173
      E-Mail: wolf@lbbslaw.com
2  ELISE D. KLEIN, SB# 111712
      E-Mail: klein@lbbslaw.com
3  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   221 North Figueroa Street, Suite 1200
4  Los Angeles, California  90012
   Telephone: (213) 250-1800
5  Facsimile: (213) 250-7900

6  Attorneys for Defendants Leading Insurance
   Group Insurance Co., Ltd. (United States Branch)
7  (erroneously sued as LG Insurance Co., Limited
   (United States Branch); LIG Insurance Co., Ltd,
8  which will do business in California as Leading
   Insurance Company (United States Branch); LIG
9  Insurance Co., Ltd., United States Branch dba Leading
   Insurance Company (United States Branch);
10 LG Insurance Co., Ltd; LG Insurance; LIG
   Insurance; LG Insurance Company; and LIG
11 Insurance), and Leading Insurance Services, Inc.
   (erroneously sued as LIG Management Services, Ltd.
12 and LIG Management Services, Inc.)

13

14              UNITED STATES DISTRICT COURT

15         CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

16

| | |
|---|---|
| 17  CLASSIC YARN CO., INC.; dba RITEKNIT, INC. and/or RITE KNITS; 18  MODERN KNITRIM, INC.; and DAVID PARK, 19             Plaintiffs, 20  v. 21 22  LG INSURANCE CO., LIMITED (UNITED STATES BRANCH); LIG INSURANCE CO., LTD, WHICH 23  WILL DO BUSINESS IN CALIFORNIA AS LEADING 24  INSURANCE COMPANY (UNITED STATES BRANCH); LIG 25  INSURANCE CO., LTD., UNITED STATES BRANCH dba LEADING 26  INSURANCE COMPANY (UNITED STATES BRANCH); LG INSURANCE 27  CO., LTD; LG INSURANCE; LIG INSURANCE; LG INSURANCE 28  COMPANY; LIG INSURANCE COMPANY; LIG MANAGEMENT; | CASE NO. CV 09-3320 R (CWx) The Hon. Manuel L. Real Dept. 8  **ORDER RE: MONETARY SANCTIONS UNDER RULE 11(b) and (c), F.R.C.P.**  Date:  November 2, 2009 Time:  10:00 a.m. Ctrm:  8 |

4852-8414-0037.1

ORDER RE: MONETARY SANCTIONS UNDER RULE 11(B) AND (C), F.R.C.P.

| | |
|---|---|
| LIG MANAGEMENT SERVICES, LTD; LIG MANAGEMENT SERVICES, INC.; RISK ENTERPRISE MANAGEMENT; RISK ENTERPRISE MANAGEMENT COMPANY; LEADING INSURANCE SERVICES, INC; US MANAGER FOR LEADING INSURANCE GROUP INSURANCE CO. LTD; LIG; ALPHA-OMEGA INSURANCE MARKETING, INC.; GREER & KIRBY CO., INC.; ASSOCIATED INSURANCE ADJUSTERS, INC.; ISO PROPERTIES, INC.; and DOES 1 through 500, inclusive,<br><br>                    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

The motion of defendants Leading Insurance Group Insurance Co., Ltd. (United States Branch) (erroneously sued as LG Insurance Co., Limited (United States Branch); LIG Insurance Co., Ltd, which will do business in California as Leading Insurance Company (United States Branch); LIG Insurance Co., Ltd., United States Branch dba Leading Insurance Company (United States Branch); LG Insurance Co., Ltd; LG Insurance; LIG Insurance; LG Insurance Company; and LIG Insurance), and Leading Insurance Services, Inc. (erroneously sued as LIG Management Services, Ltd. and LIG Management Services, Inc.)  (collectively, "LG") for monetary sanctions under Rule 11(b) and (c), Federal Rules of Civil Procedure, against attorney Steven L. Zelig came on for hearing on November 2, 2009.  Elise D. Klein appeared for moving party LG, and attorney Zelig appeared on his own behalf. Based on the moving and opposing papers, the Court finds as follows:

1.   Attorney Zelig violated this Court's order of July 15, 2009 when he signed and caused to be filed a First Amended Complaint containing allegations that had previously been stricken by the Court, and purported to state a claim for relief that had previously been dismissed without leave to amend.

///

2.   Attorney Zelig's claim that the First Amended Complaint was filed in



error fails to satisfy the requirement of Rule 11(b)(1) that attorneys perform a reasonable inquiry before filing a paper with the court.

3. Attorney Zelig failed to withdraw the offered pleading, and failed to draft a stipulation to remove the portions of the First Amended Complaint ordered stricken from the original complaint by the Court on July 15, 2009. Instead, attorney Zelig evaded or ignored efforts by defense counsel to resolve this matter out of court by refusing to agree to the stipulations submitted by defense counsel.

4. As a result, defense counsel was forced to submit a second motion to strike, to compel plaintiff's counsel to remove the portions of the First Amended Complaint that had already been stricken.

5. The Court concludes, therefore, as the basis for awarding sanctions against attorney Zelig, that the filing by attorney Zelig of the First Amended Complaint was made for the improper purpose of causing unnecessary delay and needlessly increasing the cost of litigation.

6. Pursuant to Rule 11(c), attorney Zelig is ordered to pay LG the sum of $4,032, as the reasonable attorneys' fees incurred by it as a direct result of attorney Zelig's violation. Payment shall be made to LG on or before December 2, 2009.

DATED: November 6, 2009

By: _____
Manuel L. Real
UNITED STATES DISTRICT COURT

4852-8414-0037.1                    -3-
ORDER RE: MONETARY SANCTIONS UNDER RULE 11(B) AND (C), F.R.C.P.